IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>vs.<br><br>ARTHUR JENKINS,<br><br>              Defendant. | NO.1:17-CR-00154-6-MAC-ZJH |

**REPORT AND RECOMMENDATION DENYING DEFENDANT'S
MOTION TO DISMISS (DOC. NO. 214)**

Pending before the court is the Defendant, Arthur Jenkins' (Jenkins) "Motion to Dismiss." (Doc. No. 214.) On June 29, 2018, United States District Judge Marcia A. Crone referred the motion to the undersigned United States magistrate judge for consideration and entry of proposed findings and a recommended disposition. (Doc. No. 249, citing 28 U.S.C. § 636(b)(1)(B)); E. D. TEX. CRIM. R. 59(d). On July 25, 2018, the undersigned held a hearing on this motion. Because the Third Superseding Indictment does not charge two or more distinct and separate offenses in the same count, and each count properly sets forth the elements of an offense, Jenkins' "Motion to Dismiss" (Doc. No. 214) should be denied.[1]

On July 12, 2018, the Grand Jury returned a nine-count Third Superseding Indictment against seven defendants. (Doc. No. 259.) Jenkins is named in Counts One, Two and Seven. In relevant part, Count One alleges Jenkins conspired with six co-defendants to distribute *and* to

---

[1] Jenkins moved to dismiss Count Seven on the grounds that it failed to charge an offense punishable under 18 U.S.C. § 924(o). (Doc. No. 214, at 4-5.) The Government implicitly conceded error and returned a Third Superseding Indictment that appears to correctly track the statutory language. (Doc. No. 242, at 4.) As such, the motion to dismiss on this ground should be denied as moot.

1

possess with the intent to distribute 280 grams or more of "crack" cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Count Two similarly alleges that Jenkins conspired with five co-defendants to distribute *and* to possess with the intent to distribute at least five kilograms of cocaine HCL, also a Schedule II controlled substance, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Lastly, Count Seven alleges Jenkins and two co-defendants conspired to possess a firearm in furtherance of a drug trafficking activity namely, conspiracy to distribute and possess with intent to distribute a detectable amount of "crack" cocaine *and/or* conspiracy to distribute and possess with intent to distribute cocaine HCL, in violation of 18 U.S.C. §§ 924(o), 924(c)(1)(a)(i) and/or 18 U.S.C. § 2.

 1. *Duplicitous Counts in the Indictment*

In the "Motion to Dismiss," Jenkins argues all three counts of the Indictment are "duplicitous" by charging or joining two separate offenses in a single count in violation of Rule 8(a) of the Federal Rules of Criminal Procedure.[2] Specifically, Jenkins contends that "distribution and possession with intent to distribute are two separate trafficking offenses [] because 'distribution' relates to different conduct than does 'possession with intent to distribute[.]'" (Doc. No. 214, at 3). The Government argues the charges are not duplicitous because each count charges a single conspiracy, only with multiple objectives. (Doc. No. 242, at 3.)

The Government is correct. A duplicitous indictment is one that alleges two or more distinct and separate *offenses* in a single count. *United States v. Caldwell*, 302 F.3d 399, 407 (5th Cir. 2002) (citing *United States v. Morrow*, 177 F.3d 272, 296 (5th Cir. 1999)). However, a

---

[2] Jenkins filed the "Motion to Dismiss" prior to the return of the Third Superseding Indictment. However, for purposes of this section, the Third Superseding Indictment does not change the analysis.

count in an indictment may allege that the defendant committed the offense by one or more *specified means*. FED. R. CRIM. P. 7(c). To this end, an indictment alleging a conspiracy offense is not duplicitous when it alleges more than one means by which the conspirators sought to accomplish a scheme. *United States v. Mauskar*, 557 F.3d 219, 226 (5th Cir. 2009) (citations omitted). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *United States v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (citing *United States v. Cooper*, 966 F.2d 936, 939 (5th Cir.1992) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)).

Here, in Counts One and Two, the indictment alleges Jenkins and the alleged co-defendants committed violations of 21 U.S.C. § 846. That statute makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substance laws of the United States. Likewise, in Count Seven, the indictment alleges Jenkins conspired with other co-defendants to possess a firearm in furtherance of a drug trafficking offense. *See* 18 U.S.C. § 924(o). All three counts of the indictment allege a singular offense—*conspiracy* to violate certain federal laws. The indictment is not duplicitous when it simply alleges a different manner and means—i.e., which federal laws the conspirators agreed to violate.[3] Accordingly, Jenkins' "Motion to Dismiss" on this ground should be denied.[4]

---

[3] Counts One, Two and Seven also allege violations of the aiding and abetting statute, 18 U.S.C. § 2. The inclusion of this statute in each conspiracy count does not render them duplicitous. One cannot be convicted of merely "aiding and abetting," it is an additional theory of liability as the principal for the offense. *United States v. Masson*, 582 F.2d 961, 963 (5th Cir. 1978); *United States v. Dawson*, No. 1:08CR41-SPM/AK, 2009 WL 481689, at *1 (N.D. Fla. Feb. 24, 2009), *aff'd*, 428 F. App'x 933 (11th Cir. 2011); *see also United States v. Dolenz*, 229 F.3d 1147 (5th Cir. 2000) (finding "meritless" the argument that an indictment is duplicitous when it charges both mail fraud and aiding and abetting mail fraud).

[4] Even if the indictment contained duplicitous counts—which it does not—"this flaw does not require dismissal of the indictment." *United States v. Simpson*, No. 3:09-CR-249-D(06), 2011 WL 2880885, at *5 (N.D. Tex. July 15, 2011), *order clarified*, No. 3:09-CR-249-D(06), 2011 WL 13286046 (N.D. Tex. Aug. 25, 2011) (quoting 1A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 145, at 94 (4th ed. 2008)).

*2. Sufficiency of Count Seven*

Jenkins next argues that Count Seven is insufficiently pled because it fails to recite the elements of the offense charged, fails to fairly inform the defendant of the charge against which he must defend, and fails to enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense. (Doc. No. 214, at 1.) Somewhat differently, in the body of the motion, Jenkins also complains that Count Seven alleges Jenkins conspired to possess firearms in furtherance of different "drug trafficking crimes" than the "drug trafficking crimes" alleged in Counts One and Two. The difference between the "drug trafficking crimes" is that Counts One and Two allege conspiracies involving "crack" cocaine in an amount of 280 grams or more and five kilograms or more of cocaine HCL respectively, whereas the "drug trafficking crimes" alleged in Count Seven involve a conspiracy to distribute and possess with the intent to distribute those two controlled substances with no specified amount. Because of this discrepancy, Jenkins contends that Count Seven fails to allege a predicate offense for liability under 18 U.S.C. § 924(o).

Federal Rule of Criminal Procedure 7(c)(1) requires the indictment to be "a plain, concise and definite written statement of the essential facts constituting the offense charged." "To be sufficient, an indictment needs only to allege each essential element of the offense charged so as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Lineberry*, 185 F. App'x 366, 370 (5th Cir. 2006) (quoting *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984)).

---

Instead, the Defendant can move to have the prosecution elect the count in which it relies or request a unanimity instruction. *Id*.

4

Title 18 U.S.C. § 924(o) makes it a crime to conspire to commit an offense under 18 U.S.C. § 924(c). In turn, section 924(c) prohibits the possession of a firearm in furtherance of a "drug trafficking crime." A "drug trafficking crime" is defined as *any* felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.). 18 U.S.C. § 924(c)(2).

Count Seven alleges that from on or about December 2012 to December of 2017, Jenkins and two co-defendants conspired to possess a firearm in furtherance of a drug trafficking crime namely, conspiracy to distribute and possess with the intent to distribute a detectable amount of "crack" cocaine and/or conspiracy to distribute and possess with the intent to distribute cocaine HCL, both schedule II substances. As such, Count Seven alleges all the elements of an offense under Section 924(o): (1) a conspiracy, (2) to possess a firearm, (3) in furtherance of a "drug trafficking crime" as defined by section 924(c)(2). Thus, Count Seven alleges all of the elements of an offense under 18 U.S.C. § 924(o) to enable Jenkins to prepare his defense and invoke the double jeopardy clause in any subsequent proceeding.

Jenkins also appears to argue that Count Seven must allege a predicate "drug trafficking crime" identically charged elsewhere in the indictment to constitute a predicate offense under 18 U.S.C. § 924(o). As stated previously, the statute prohibits conspiring to possess a firearm in furtherance of a "drug trafficking crime," which is defined as *any* felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). Jenkins cites no authority for the proposition that a "drug trafficking" crime must also be the identical felony punishable under the Controlled Substances Act as alleged in the defendant's indictment. In fact, the Fifth Circuit Pattern Jury Instructions expressly contemplate otherwise. "This [§ 924(c)] instruction presumes that the predicate drug offense is charged in another count of the indictment. *If the predicate drug offense is not so charged*, this instruction must be amended to list the elements of the uncharged

5

drug trafficking crime." *Fifth Cir. Pattern Jury Instructions* 2.48. Moreover, there is no statutory requirement that the government secure an underlying drug trafficking conviction as a predicate offense for § 924(c). *United States v. Munoz-Fabela*, 896 F.2d 908, 909, 911 (5th Cir. 1990) ("[I]t is only the fact of the offense… that is needed to establish the required predicate."); s*ee also United States v. Wilson*, 884 F.2d 174, 176 (5th Cir. 1989) (affirming sufficiency of § 924(c) conviction when predicate drug trafficking offense was not charged in the indictment). As alleged in Count Seven, the conspiracy to distribute and possess with the intent to distribute a detectable amount of "crack" cocaine and cocaine HCL are felonies punishable by the Controlled Substances Act. *See* 21 U.S.C. §§ 841(a)(1), 860. Accordingly, Count Seven adequately alleges predicate "drug trafficking offenses" as required by §§ 924(c) and 924(o).

For the reasons stated above, Jenkins' "Motion to Dismiss" (Doc. No. 214) should be DENIED.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c) (2009); Fed. R. Civ. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1) (2009); Fed R. Civ. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 26th day of July, 2018.

_____
Zack Hawthorn
United States Magistrate Judge